UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMC FILM HOLDINGS LLC,

                Plaintiff,                   **ORDER**
                                                  CV 03-3835 (DRH) (ARL)

        -against-

MAX J. ROSENBERG, REARGUARD
PRODUCTIONS, INC., and TV MATTERS,

                Defendants.
------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

By order dated October 19, 2005, District Judge Denis Hurley entered a default judgment

against defendants Max J. Rosenberg and Rearguard Productions, Inc. on defendant/cross-

claimant TV Matters' cross-claims and referred to the undersigned the determination of damages

and attorneys' fees.  By order dated November 14, 2005, the undersigned directed TV Matters to

serve and file papers in support of its claim for damages and attorneys' fees by December 14,

2005 and that any opposition thereto to be filed by January 13, 2005.  In response to that order,

TV Matters requested that the court conduct the inquest before a jury.  (See Sioris Ltr. dated

November 25, 2005).  For the reasons that follow, that application is **DENIED**.

Federal Rule of Civil Procedure 55(b)(2) governs the procedures to be followed in

assessing damages following the entry of a default judgment.  It provides, in relevant part, "in

order to . . . determine the amount of damages . . . the court may conduct such hearings or order

such references as it deems necessary and proper and shall accord a right to a trial by jury to the

parties when and as required by any statute of the United States."  Thus, the rule expressly

conditions the right to a jury trial upon a federal statute providing such right.  Here, TV Matters

has not suggested that any federal statute grants a jury trial right in this type of case where a

default judgment has been entered and the court is aware of none.  Moreover, even if there were

an applicable statute, "the entry of a default judgment extinguished the plaintiff's right to a jury

trial on damages."  Gonzalez v. Rakkas, 846 F. Supp. 229, 231 (E.D.N.Y. 1994) (citing Moore's

Federal Practice ¶ 38, at 19[3] (2d ed. 1993) (default judgment extinguishes constitutional right

to a jury trial on the issue of damages); Frankart Distributors, Inc. v. Levits, 796 F. Supp. 75, 76

(E.D.N.Y. 1992) ("Rule 55 presupposes that a default judgment extinguishes the constitutional

right to a jury trial"); Kormes v. Weis, Voisin & Co., 61 F.R.D. 608, 609 (E.D. Pa. 1974)

("[N]either party has a constitutional right to a jury trial on the issue of damages after the entry of

default.")).  Thus, there is no entitlement to a jury trial on the issue of damages in this case.

Rather, the court finds that the appropriate amount of damages can be assessed by review of

detailed affidavits and documentary evidence.  Accordingly, TV Matters is directed to serve and

file papers in support of its claim for damages and attorneys' fees by December 21, 2005 and any

opposition thereto shall be served and filed by January 13, 2005.  Given TV Matters'

representation that its counsel had communicated with Peter Bierstedt, Esq. following defendant

Rosenberg's death concerning this matter, TV Matters is directed to serve a copy of this order

upon Mr. Bierstadt as well as defendant Rosenberg at his last known address.

Dated:  Central Islip, New York                          **SO ORDERED:**
        December 14, 2005


                                                         /s/
                                                 _____
                                                 ARLENE R. LINDSAY
                                                 United States Magistrate Judge