UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMC FILM HOLDINGS LLC,

                       Plaintiff,

        -against-

MAX J. ROSENBERG, REARGUARD
PRODUCTIONS, INC., and TV MATTERS,

                       Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 03-3835 (DRH)(ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Denis R. Hurley for a report and recommendation as to the proper amount of damages, attorneys' fees and costs to be awarded to defendant/cross-claimant, TV Matters, following the entry of default against defendants Max J. Rosenberg and Rearguard Productions, Inc. (collectively, the "defendants"). By order dated December 20, 2005, the undersigned directed that TV Matters submit papers in support of its damages claim by December 30, 2005, and that any opposition be filed by January 20, 2006. Neither defendant has submitted any papers in opposition to the damages, attorneys' fees, and costs sought by TV Matters because Rosenberg is deceased, without an appointed fiduciary to administer his estate, and Rearguard is not operating, given that Rosenberg was the sole shareholder of the corporation. For the reasons set forth below, the undersigned recommends an award of damages in the amount of $0.00, attorneys' fees and costs in the amount of $0.00, for a total award of $0.00.

**DISCUSSION**

      The specific facts underlying the award of default judgment are set out in Judge Hurley's Memorandum and Order of August 31, 2005, and will not be recited here, where the only issue is

the amount of damages, attorneys' fees, and costs to be awarded.

On August 5, 2003, plaintiff commenced this action seeking a preliminary and permanent injunction as well as damages for breach of contract. The defendants were served with the summons and complaint, and proof of service was filed on August 27, 2003. On October 2, 2003, TV Matters answered the complaint and filed a cross-claim against co-defendants, Rosenberg and Rearguard. Neither Rearguard nor Rosenberg ever responded to Plaintiff's Complaint or the cross-claims filed by TV Matters. On July 19, 2004, Plaintiff advised the Court that Mr. Rosenberg had passed away on June 14, 2004. Although Plaintiff assured the Court that it would seek substitution of an appropriate party, it never did so.

TV Matters moved for a default judgment on November 15, 2004, and on October 18, 2005, the Clerk of the Court certified the defendants' default. Given the circumstances, neither of the defendants responded to the motion for a default judgment. By order dated October 19, 2005, District Judge Hurley entered a default judgment against the defendants and referred the matter to the undersigned for a determination of the damages and attorneys' fees to be awarded. TV Matters has requested the entry of judgment in the amount of $284,011.37, less $23,000.00 in profits, for a total of $261,011.37. In arriving at this sum, TV Matters divides its damages into two categories, namely, damages to date and future damages.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.), cert. denied, 506 U.S. 1080 (1993); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a

complaint violated the laws upon which a claim is based and caused injuries as alleged." Cablevision Sys. New York City Corp. v. Abramov, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound, 973 F.2d at 159.

TV Matters asserts that it has incurred damages for breach of contract and asserts claims for indemnity pursuant to the terms of the contract. In support of its claims, it has submitted a memorandum of law, two affidavits, and various exhibits, including its contract with the defendants, excerpts of deposition testimony, and certain invoices and receipts. (Docket No. 68). The Court has spent an inordinate amount of time reviewing these materials, yet cannot determine the amount of TV Matters' damages with any degree of certainty based on the law and evidence submitted. At the outset, the Court notes that the materials submitted by TV Matters in support of its damages claims are plagued by technical deficiencies. For example, some of the exhibits are in another language or refer to transactions involving foreign currency without reference to a relevant conversion table (See, Exhibits C, D, and F), and other documents are partially illegible due to xeroxing errors which excised text (See, Exhibit G, and J). Notwithstanding these deficiencies, TV Matters' damages submission suffers from more fundamental defects, as discussed herein.

TV Matters asserts that the governing law in this case is New York law. A review of the terms of the contract reveals a choice of law provision, which provides in pertinent part:

> 13.1 This agreement shall be construed in accordance with and governed by the laws of The Netherlands. Any dispute in connection with the text and execution of this Agreement will be submitted in first instance to the Court of Amsterdam as the competent court; it being acknowledged that TV Matters is entitled to submit any dispute to the competent Court of the

Seller's place of business or residence.[1]

The Court concludes that the law of the Netherlands governs the terms of the agreement, including damages, costs and attorneys' fees.[2] Under New York law, a forum-selection and choice-of-law clause is prima facie valid. Boss v. American Express Financial Advisors Inc., 15 A.D.3d 306, 791 N.Y.S.2d 12, 14 (N.Y.A.D 1 Dept. 2005), citing Koko Contr. v. Continental Envtl. Asbestos Removal Corp., 272 A.D.2d 585, 586, 709 N.Y.S.2d 825 (2000). In order to invalidate the clause, one must show that its enforcement "would be unreasonable, unjust, or would contravene public policy, or that the clause is invalid because of fraud or overreaching." Id. TV Matters has failed to explain to the Court why it contends that New York law rather than the law of the Netherlands should govern its claims for damages. Where, as here, the choice of law provision was undoubtedly inserted at the behest of TV Matters, a Netherlands corporation, it is hard to imagine that TV Matters might argue that its enforcement is unreasonable or the product of fraud. Instead, TV Matters simply ignores the contractual provision and refers solely to general New York damages law. This is insufficient.

Upon the entry of a default, the plaintiff must prove the amount of damages he is due by a fair preponderance of the evidence. See Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974). The

---

[1] According to the complaint, the sellers' place of business or residence is California, which would indicate that the parties contemplated that this dispute would be resolved in either the courts of California or Amsterdam applying the law of the Netherlands. (See, Defendant TV Matters' Memorandum of Law in Support of its Damages Claim Against Defendants Max J. Rosenberg and Rearguard Productions, Inc., p. 8)

[2] Citing Curley v. AMR Corp., 153 F.3d 5, 12 (2nd Cir. 1998), TV Matters argues that the Court must apply the law of New York in its damages analysis because the parties are diverse. This argument is without merit. Rather, the Court in Curley held that courts should look to the choice of law rules of the forum state. *Id.*

burden is on the plaintiff to provide some reasonable basis to quantify the damages. See Cappetta v. Lippman, 913 F. Supp. 302, 305 (S.D.N.Y. 1996). Because TV Matters has failed to provide the pertinent law by which this court can assess not only what is reasonable, but also what is permissible under the law of The Netherlands, the undersigned is unable to determine what damages should be awarded. For example, in connection with its application, TV Matters seeks an award of attorneys' fees, punitive damages, costs pre-dating the signing of the contract, and expenses incurred in administering the contract. The undersigned has no way of ascertaining whether these items are recoverable damages under the law of The Netherlands, and if so, how they should be calculated. Accordingly, this court recommends that TV Matters claim for damages resulting from Rearguard's breach of contract be denied at this time.

TV Matters' also seeks to be indemnified, pursuant to its contract with the defendants, for litigation costs in defending itself in this lawsuit, including costs it anticipates it will incur, such as expert witness fees, travel, lodging, meals, and telephone calls, as well as lost income to TV Matters while its president attends the trial (See, Declaration of Jan Jansen in Support of Damage Determination, p. 7-8, Number 12-16). The contract between the parties does, in fact, provide for indemnity in section 9, entitled "Indemnities":

> "[e]ach party agrees to indemnify and hold the other, their respective officers and employees harmless from any and all claims, damages, liabilities, reasonable costs and expenses (including reasonable attorney's fees), but excluding loss of profits to the other's business, arising out of its' breach of any warranty, representation, undertaking or other material term or provision of this Agreement..."

However, TV Matters cites to New York law and maintains that "the right to indemnification depends only on establishing that the warranty was breached." *CBS v. Ziff Davis Pub. Co.*, 75 NY2d 496, 553 N.Y.S.2d 449 (1990). Again, TV Matters neglects the fact that the

law of The Netherlands governs the contract at issue between the parties.  Given TV Matters failure to submit any applicable legal authority in support of its claims, the undersigned recommends that its claim for indemnification also be denied.  To the extent that TV Matters seeks indemnification for costs and attorneys' fees yet to be incurred in defending itself in this matter (Item Nos. 12-16), the Court finds such claims to be premature.  TV Matters may recover such items upon conclusion of the above-captioned matter, provided it is warranted by the law of The Netherlands.  Accordingly, the undersigned recommends that TV Matters be awarded $0 for costs and attorneys' fees incurred in defending itself in this matter, without prejudice to its right to renew its request following the conclusion of the above-captioned action.

## RECOMMENDATION

For all the reasons set forth above, the undersigned recommends that defendant/cross-claimant be awarded a total of **$0.00** in damages and **$0** in attorneys' fees and costs.

A copy of the Report and Recommendation is being sent to the defendants.  The defendant/cross-claimant is to serve the defendants with a copy by certified mail at the last known address, return receipt requested, and to file proof of service with the court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84

F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       March 1, 2006

                                            _____
                                            ARLENE ROSARIO LINDSAY
                                            United States Magistrate Judge