UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

AMC FILM HOLDINGS LLC,

                Plaintiff,                 **MEMORANDUM OF DECISION AND ORDER**

       -v.-                                 03-CV-3835 (DRH)(ARL)

MAX J. ROSENBERG, REARGUARD
PRODUCTIONS, INC., and TV Matters,

                Defendants.
───────────────────────────────────────────

**APPEARANCE:**

**For the Defendant TV Matters:**
**Gregory A. Sioris**
350 Fifth Avenue
Suite 7606
New York, New York 10118-7606

**HURLEY, District Judge:**

        On October 19, 2005, this Court granted the motion by defendant TV Matters for an entry of default judgment on its cross-claims against defendants Rearguard Productions, Inc. ("Rearguard") and Max J. Rosenberg ("Rosenberg"), and referred the case to Magistrate Judge Arlene Rosario Lindsay, pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation as to damages and attorney's fees. On March 1, 2006, Judge Lindsay issued a Report and Recommendation (the "Report") that Plaintiff be awarded $0.00 in attorney's fees and costs and $0.00 in damages. Presently before the Court are TV Matters' objections to the Report, which were timely filed.

*BACKGROUND*

I.    *TV Matters' Claims*

        On August 5, 2003, Plaintiff AMC Film Holdings LLC ("Plaintiff") initiated the

instant copyright infringement action against Rearguard, Rosenberg, and TV Matters. Plaintiff alleged, inter alia, that it owned the copyrights to three motion pictures produced by Rosenberg.[1] Plaintiff acquired its rights through a series of assignments. Plaintiff further alleged that despite the fact that Rearguard had already assigned its rights to the motion pictures to Plaintiff's predecessor in interest years earlier, which ultimately led to Plaintiff's ownership, Rearguard later entered into a licensing agreement with TV Matters whereby Rearguard purported to authorize TV Matters to copy and distribute copies of the motion pictures.

On October 2, 2003, TV Matters answered the Complaint and filed cross-claims against Rearguard and Rosenberg. The cross-claims were later amended on March 16, 2004. TV Matters asserts four causes of action, viz. indemnity, breach of contract, fraud, and negligence. Neither Rosenberg nor Rearguard responded to either Plaintiff's Complaint or the cross-claims filed by TV Matters. Thereafter, TV Matters moved for a default judgment on its cross-claims. By Order dated October 19, 2005, TV Matters' motion was granted and the matter referred to Judge Lindsay for an inquest on damages and fees.

## II.     *The Report*

In recommending that TV Matters' application for damages and fees be denied, Judge Lindsay found that "the materials submitted by TV Matters in support of its damages claims are plagued by technical deficiencies." (Report at 3.) "For example, some of the exhibits are in another language or refer to transactions involving foreign currency without reference to a

---

[1] The background of this case is more fully set forth in the Court's August 31, 2005 Memorandum of Decision and Order which denied Plaintiff's motion for summary judgment, familiarity with which is assumed. Thus, the Court will only state the facts necessary for disposition of the instant motion.

relevant conversion table, and other documents are partially illegible due to xeroxing errors which excised text." (*Id.* (citations to record omitted).)

Moreover, Judge Lindsay found that although TV Matters was asserting that it had incurred damages for breach of contract, and although the relevant contract had a choice of law provision providing that the law of the Netherlands governed, TV Matters argued in its submissions that New York law applied. In this regard, Judge Lindsay noted that "TV Matters has failed to explain to the Court why it contends that New York law rather than the law of the Netherlands should govern its claims for damages." (*Id.* at 4.) Because TV Matters "ignore[d]" the choice-of-law provision and "refer[red] solely to general New York damages law" in its submission, Judge Lindsay recommended that TV Matters' claim for damages resulting from Rearguard's breach of contract be denied. (*Id.* at 5.)

## DISCUSSION

### I.  *Standard of Review*

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. of Civ. P. 72(b). Accordingly, the Court applies de novo review to those portions of the Report to which objections were raised. *See id.* The Court reviews those portions to which no objections have been filed for clear error. *See, e.g.*, *Kenneth Jay Lane, Inc. v. Heavenly, Apparel Inc.*, No. 03 CV 2132, 2006 WL 728407, at *1 (S.D.N.Y. Mar. 21, 2006).

## II. *TV Matters' Objections*

In objecting to the Report, TV Matters raises arguments that were not presented to Judge Lindsay regarding which law should govern this Court's determination of damages. Because the Court applies de novo review to those portions of the Report to which objections were raised, the Court will consider TV Matters' arguments.

### A. *TV Matters' Fraud Claim*

Citing *Finance One Pub. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325 (2d Cir. 2005), TV Matters argues that the choice-of-law provision relied upon by Judge Lindsay, found in paragraph 13.1 of the relevant contract, does not apply to its third cross-claim which seeks damages based on fraud and deceit. Paragraph 13.1 provides as follows:

> This Agreement shall be construed in accordance with and governed by the laws of the Netherlands. Any dispute in connection with the text and execution of this Agreement will be submitted in first instance to the Court of Amsterdam as the competent court; it being acknowledged that TV Matters is entitled to submit any dispute to the competent Court of the Seller's place of business or residence.

(TV Matters Ex. B.) In *Finance One*, the Second Circuit found that courts apply the law of the forum state to determine the scope of a choice-of-law provision. 414 F.3d at 333. Moreover, the court held that "[u]nder New York law, . . . tort claims are outside the scope of contractual choice-of-law provisions that specify what law governs construction of the terms of the contract, even when the contract also includes a broader forum-selection clause." 414 F.3d at 335.

Applying New York law to the above-cited choice-of-law clause, TV Matters is correct that pursuant to the holding in *Finance One*, its third cross-claim for fraud would fall outside the scope thereof. TV Matters is incorrect, however, in assuming that because this

4

choice-of-law provision is inapplicable, New York law would automatically apply to its fraud claim.

In this regard, TV Matters cites *Curley v. AMR Corp.*, 153 F.3d 5 (2d Cir. 1998) for the proposition that because the parties to the instant dispute are diverse, the Court must apply the law of New York in its damages analysis. As noted by Judge Lindsay, however, *Curley* does not support that conclusion. (Report at 4 n.2.) Rather, the court in *Curley* merely stated the well known principle that in diversity cases, the Court must look to the choice-of-law rules of the forum state. 153 F.3d at 12. Indeed, even in *Finance One*, the case cited by TV Matters, once the Second Circuit determined that the defendant's set-off claim was not within the scope of the parties' choice-of-law clause, the court proceeded to perform a choice-of-law analysis under New York law, to determine which law governed the set-off claim. Under such an analysis, the first question is whether there is an actual conflict of law. *Id.* at 12. In tort actions, if a conflict exists, "New York courts apply an 'interests analysis,' under which the law of the jurisdiction having the greatest interest in the litigation is applied." *Id.*

Here, Rosenberg and Rearguard are alleged to be California residents with Rearguard's principal place of business in California; TV Matters is a Netherlands corporation with its principal place of business in the Netherlands. Because TV Matters has not properly briefed the choice-of-law issue – in fact it has not addressed the required analysis at all – the Court declines to award damages at this time as it is unclear which law would govern TV Matters' fraud claim. Nonetheless, the Court will afford TV Matters one more opportunity to submit proper papers in support of its damages claims. TV Matters is warned, however, that failure to adequately address the legal issues presented by such claims and/or failure to submit

materials which clearly set forth some reasonable basis to quantify its damages, may result in a denial of its damages claims with prejudice.

### B. *TV Matters' Contract Claim*

TV Matters argues that New York law applies to its breach of contract claims based upon a separate provision of the contract, paragraph 16.1 of "General Conditions 'A,'" which provides as follows:

> This Agreement shall be construed in accordance with and governed by the laws of The Netherlands. Any dispute in connection with the text and execution of this Agreement will be submitted in first instance to the Court of Amsterdam as the competent court; it being acknowledged that TV Matters is entitled to submit any dispute to the competent Court of the Defendant's place of business or residence.

(TV Matters' Ex. A.) TV Matters contends that the last sentence of this paragraph "confers jurisdiction to this Court and allows for the application of New York law regarding the breach of contract cross claim . . . ." (TV Matters' Objection at 8.) Specifically, TV Matters asserts that because it is a "defendant" and its place of business is in Manhattan,[2] New York law applies. (*Id.* at 9.) TV Matters' reasoning is misguided

The last sentence of paragraph 16.1 is a forum selection clause, not a choice-of-law provision. TV Matters mistakenly conflates the two. Moreover, given the fact that this paragraph also contains a choice-of-law clause, which clearly provides that the law of the Netherlands applies, TV Matters' argument is incorrect.

---

[2] The Complaint alleges that TV Matters' principal place of business is in the Netherlands and that it maintains offices in Manhattan. (Compl. ¶ 4.)

**CONCLUSION**

For the reasons stated above, the Court adopts the March 1, 2006 Report and Recommendation of Judge Lindsay, and makes a de novo determination based upon the new arguments presented. As a result, the Court denies TV Matters' application for damages and fees without prejudice to renew based upon new submissions consistent with this opinion. This matter is respectfully referred back to Judge Lindsay pursuant to 28 U.S.C. § 636(b)(3) for an inquest on damages and attorney's fees based upon any such new submissions, which shall be served and filed on or before May 26, 2006.

**SO ORDERED.**

Dated: Central Islip, N.Y.
April 28, 2006

/s/
Denis R. Hurley,
United States District Judge